UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RODERICK LEON SCOTT, <br><br>         Movant, <br><br>    vs. <br><br> UNITED STATES OF AMERICA, <br><br>         Respondent. | 4:20-CV-04181-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, NOT ADOPTING IN PART, AND GRANTING RESPONDENT'S MOTION TO DISMISS |

Movant, Roderick Leon Scott, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging numerous errors, including that his trial counsel provided ineffective assistance of counsel. Docket 1. The United States now moves to dismiss the petition without holding an evidentiary hearing. Docket 20. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

The Magistrate Judge recommends that an evidentiary hearing be granted as to Scott's claim that his sentence was disproportionate to that of Curtis Webb, a co-defendant, in violation of Scott's Eighth Amendment rights and his claim that counsel was ineffective in failing to raise this issue by showing at sentencing that Scott and Webb were similarly situated. Docket 23 at 37. The Magistrate Judge recommends dismissing the remainder of Scott's claims. *Id.* For the following reasons, the court adopts the Magistrate Judge's report and recommendation in part and does not adopt it in part, granting

respondent's motion to dismiss all claims and dismissing Scott's § 2255 motion. Scott has also filed a motion to amend his § 2255 motion under Federal Rule of Civil Procedure 15(a) and a motion to supplement under Federal Rule of Civil Procedure 15(d). Dockets 30, 31.

## FACTUAL BACKGROUND

Scott was convicted of conspiracy to distribute 50 grams or more of cocaine base in 2005. *See United States v. Scott*, 4:05-CR-40077-1-KES, Docket 76. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████

Scott's supervised release was revoked, and he began a second term of supervised release on September 28, 2018. *Scott*, 4:05-CR-40077-1-KES, Docket 116 at 1. On December 4, 2018, he was indicted for conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Scott*, 4:18-CR-40151-2-KES, Docket 1 at 1. Attorney Jason Tupman was appointed to represented Scott, and a plea agreement was filed on August 29, 2019. *Scott*, 4:18-CR-40151-2-KES, Dockets 21, 57.

The draft presentence report placed Scott in criminal history category VI and calculated his advisory guideline range as 262 to 327 months' imprisonment with a mandatory minimum sentence of 120 months. *Scott*,

4:18-CR-40151-2-KES, Docket 78 at 15, 24. Scott, through counsel, objected to the draft presentence report's drug quantity calculation and his classification as a career offender. *Scott*, 4:18-CR-40151-2-KES, Docket 79 at 1-3. Scott filed a motion for a downward variance, arguing that his guideline range was based on his classification as a career offender and that this status failed to distinguish between types of criminal records, resulting in an overly severe sentence. *Scott*, 4:18-CR-40151-2-KES, Docket 84 at 1-6.

At sentencing, counsel emphasized Scott's difficult life circumstances and argued that the Sentencing Commission's proposed changes pending before Congress to the career offender enhancement would render the enhancement inapplicable to Scott. *Scott*, 4:18-CR-40151-2-KES, Docket 97 at 7-9. Counsel argued that the court should impose a sentence similar to Webb's sentence of 210 months, specifically asking for a sentence of 200 months' imprisonment. *Id.* at 7, 9. The court noted that Webb was not on supervised release at the time of his offense, unlike Scott. *Id.* at 9.



███████████████████████████████████████

████████████████████████

Citing Scott's career offender classification, his record of prior drug convictions, the short period of time between his release from custody and his new offense, and his likelihood of reoffending, this court denied Scott's motion for a downward variance and sentenced Scott to 262 months' imprisonment, the bottom of his advisory guideline range. *Scott*, 4:18-CR-40151-2-KES, Docket 97 at 12-14. The court also sentenced Scott to 46 months' imprisonment on the revocation of his supervised release, announcing that the two sentences would run concurrent for an effective sentence of 262 months' imprisonment. *Id.* at 14, 17-18. Scott did not appeal.

Now, Scott raises five grounds in support of his petition under § 2255. Docket 1. The Magistrate Judge stated the claims were:

1.     His Fourth Amendment rights were violated by the traffic stop being unreasonably prolonged.

2.     His Sixth Amendment right to effective assistance of counsel was violated in the following ways:

    a.     counsel failed to show an adversarial stance in arguing against the career offender enhancement

    b.     counsel failed to object to the use of a prior conviction to enhance his sentence where the prior conviction resulted in only a sentence of probation

    c.     counsel failed to object to the miscalculation of his drug quantity

    d.     counsel failed to assert that Mr. Scott's sentence was disproportionate to the sentence of a co-defendant, Curtis Webb, who was on probation for a previous

4

methamphetamine conviction at the time he was arrested in this case with Mr. Scott and Mr. Scott was a subordinate to Mr. Webb in the conspiracy

e.    counsel failed to move to suppress the evidence from the traffic stop

f.    counsel failed to challenge the indictment as defective

3.    Mr. Scott's Fifth and Sixth Amendment rights were violated when the court found facts as to drug quantity without a jury where that drug quantity finding increased Mr. Scott's sentence

4.    The indictment was a legal nullity and Mr. Scott's conviction thereon must be vacated because the indictment is missing an essential element of the crime.

5.    The sentence imposed created a disparity.

Docket 23 at 14-15 (citing Docket 1 at 3-30). Respondent objects to the Magistrate Judge's recommendation that an evidentiary hearing is necessary to resolve claims 2(d) and 5 and to her recommendation to deny in part respondent's motion to dismiss. *See* Docket 28 at 11-12. Scott did not object to the Magistrate Judge's recommendation to dismiss the remaining claims.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I.    Unobjected Substantive Claims

#### A.    Claims 1 and 4

The Magistrate Judge found that claims 1 and 4, Scott's Fourth Amendment claim regarding his traffic stop and his claim that the indictment was defective, "do not fall under the umbrella of ineffective assistance of counsel and . . . concern matters that could have been addressed prior to his plea." Docket 23 at 17. The Magistrate Judge concluded that "these two claims are precluded by Mr. Scott's knowing, intelligent, and voluntary plea." *Id.* This court agrees with this analysis, and Scott does not object to this recommendation. Thus, this court adopts the Magistrate Judge's report and recommendation regarding claims 1 and 4 and dismisses those claims with prejudice.

#### B.    Claim 3

The Magistrate Judge found that claim 3, Scott's Fifth and Sixth Amendment claim that his rights were violated by the court's calculation of his drug quantity, "is procedurally defaulted because it was not raised in a direct appeal." *Id.* at 21 (citations omitted).

A movant's claim is procedurally defaulted if he did not raise the claim on direct appeal. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). A district court may

6

address a procedurally defaulted claim if the movant shows (1) that there was cause for the default and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *McNeal*, 249 F.3d at 749.

The Magistrate Judge concluded that Scott could not demonstrate prejudice because, even if he were correct that the court mistakenly overcalculated the drug quantity in question, he would have had the same offense level because of his career offender status. Docket 23 at 22-23. This court agrees with the Magistrate Judge's analysis, and Scott does not object to this recommendation. Thus, this court adopts the report and recommendation regarding claim 3 and dismisses that claim with prejudice.

## II.    Unobjected Ineffective Assistance of Counsel Claims

### A.    Ineffective Assistance of Counsel Standard

To establish ineffective assistance of counsel, a movant must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). "First, the [movant] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the movant to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit Court of Appeals "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) (citing *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005)).

"Second, the [movant] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In a sentencing context, a failure to present evidence that "would barely have

altered the sentencing profile presented to the sentencing judge" does not
constitute prejudice. *Id.* at 700.

**B.     Claims 2(a)-(c)**

The Magistrate Judge recommended the dismissal of all but one of
Scott's ineffective assistance of counsel claims. Docket 23 at 33-37.
Specifically, the Magistrate Judge found that counsel did argue against
application of the career offender enhancement raised in claim 2(a) and was
thus not deficient. *Id.* at 33-34. With regard to claim 2(b), the sentencing court
counted Scott's two prior controlled substance felonies that only resulted in a
sentence of probation when it determined that the career offender
enhancement applied to Scott. *See Scott*, 4:18-CR-40151-2-KES, Docket 80 at
10. The Magistrate Judge found that if Scott had objected to their inclusion,
the court would have overruled the objection. Docket 23 at 34-35. Further, the
Magistrate Judge notes that even if the court had sustained the objection, it
would have had no impact on Scott's career offender status because he had
seven other felony controlled substance convictions. *Id.* at 35. Thus, counsel
was not deficient in failing to raise this objection.

The Magistrate Judge found that counsel did object to the miscalculation
of Scott's drug quantity, and this objection was sustained. *Id.* Because the drug
quantity had no impact on Scott's sentence, the Magistrate Judge
recommended that claim 2(c) be dismissed because any failure on counsel's
part to bring drug quantity issues to the court's attention could not have
prejudiced Scott. *Id.*

Scott does not object to these recommendations, and the court agrees with the Magistrate Judge's analysis. Thus, this court adopts the report and recommendation regarding claims 2(a)-(c) and dismisses those claims with prejudice.

### C.    Claims 2(e) and 2(f)

In discussing claims 1 and 4, the Magistrate Judge explained that "a guilty plea cuts off all constitutional claims that predate a plea." *Id.* at 18. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson*, 397 U.S. 759, 770 (1970). A defendant seeking to challenge a voluntary and intelligent guilty plea must show that the advice of his attorney was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 770-71.

The Magistrate Judge found that Scott's plea was voluntary and intelligent and thus precluded him from pursuing claims 1 and 4, his Fourth Amendment claim regarding his traffic stop and his claim that the indictment was defective. Docket 23 at 20-21. The Magistrate Judge did not otherwise discuss claims 2(e) and 2(f), in which Scott argued his counsel was ineffective for failing to raise claims 1 and 4 before his guilty plea. *See id.* at 20-21, 33-37.

"To the extent that the [movant] challenges his trial counsel's advice, he may only present claims relating to the plea advice; claims relating to pre-plea advice are barred." *Whitepipe v. Weber,* 536 F. Supp. 2d 1070, 1082 (D.S.D.

2007) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). "[A] person may, despite a valid guilty plea, pursue . . . a claim that attacks the [government's] power to bring any indictment at all, that protects a defendant's right not to be haled into court, and that the charge is one which the [government] may not constitutionally prosecute[.]" *Weisberg v. Minnesota*, 29 F.3d 1271, 1279 (8th Cir. 1994) (internal quotations and citations omitted); *see also United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000) (applying *Weisberg* to a federal inmate's § 2255 motion). This principle "foreclose[s] claims that raise 'nonjurisdictional' issues and . . . permit[s] only claims that question the trial court's 'jurisdiction.' " *Weisberg*, 29 F.3d at 1279. Thus, Scott may only bring ineffective assistance of counsel claims for counsel's pre-plea advice regarding the plea itself or if counsel failed to raise a jurisdictional issue. *See id.*

Scott makes no claims regarding counsel's plea advice. *See* Docket 1 at 9-17. Scott alleges that, but for counsel's advice, these claims "would have been presented in the proceeding before a plea was tendered[.]" *Id.* at 17. He claims that "[t]he results would have been a lot different" had counsel "put up and [sic] [a]dversarial defense and challenge[d] the government." *Id.* Thus, Scott expresses his belief that these claims should have been raised before he pleaded guilty, but he does not state that he would have proceeded to trial but for counsel's advice. *See id.* At most, he states that counsel "was against going to trial from the onset of his being appointed to this case." *Id.* Although he expresses frustration with trial counsel's approach, Scott makes no claim that he was interested in proceeding to trial. *See id.*

11

In claim 2(e), Scott alleges that counsel was ineffective in failing to move to suppress evidence from his traffic stop. Docket 23 at 14 (citing Docket 1 at 3-30). This claim does not raise a jurisdictional issue. *See United States v. Stewart*, 972 F.2d 216, 217 (8th Cir. 1992) (finding that a Fourth Amendment suppression challenge is a "nonjurisdictional" claim). In claim 2(f), Scott alleges that counsel failed to argue that the indictment was defective. Docket 23 at 14 (citing Docket 1 at 3-30). The Supreme Court has explained that "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 631 (2002). Thus, this claim is not a jurisdictional issue. Claims 2(e) and 2(f) are dismissed with prejudice.

## III.   Objected Claims

### A.   Claim 2(d)

In claim 2(d), Scott argues that his trial counsel was ineffective at sentencing because he failed to argue that Scott's 262-month sentence was unconstitutionally disproportionate to co-conspirator Webb's 210-month sentence. *See* Docket 1 at 10. The Magistrate Judge found that counsel did raise this disparity at sentencing in both his motion for downward departure and at the sentencing hearing. Docket 23 at 36. Scott claims that Webb was on parole from a state court felony at the time of his sentencing, similar to Scott's supervised release, and that his counsel was ineffective in failing to investigate and raise this similarity between him and Webb. *See* Docket 1 at 10. The Magistrate Judge recommended an evidentiary hearing on this issue. Docket 23 at 37.

12

In considering Scott's Eighth Amendment claim, the Magistrate Judge found that the Eighth Circuit "has rejected intra-case proportionality claims where the sentencing court found 'meaningful distinctions between the two defendants' cases.' " *Id.* at 30 (quoting *United States v. Jones*, 718 F. App'x 443, 447 (8th Cir. 2017)). But because she found "no 'meaningful distinction' " between Scott and Webb, the Magistrate Judge recommended denial of respondent's motion to dismiss on this claim. *Id.* at 30-31. The Magistrate Judge noted that both defendants had "lengthy criminal histories which included four or more felony drug crimes[,]" were "under supervision for a prior drug felony[,]" pleaded guilty, and "fell within the career offender classification." *Id.* at 30. Based on these similarities and this court's failure to acknowledge that Webb was on parole during comments made at Scott's sentencing, the Magistrate Judge concluded that Scott did not fail "to make out a substantial case" and recommended denying respondent's motion to dismiss on this claim. *Id.* at 30-31.

Respondent objects to the report and recommendation, arguing first that Scott's counsel stated at sentencing that the court would be better positioned to access Webb's criminal history. Docket 28 at 6 (citation omitted). Thus, because the court had information regarding Webb's parole status, counsel's failure to investigate this issue could not have prejudiced Scott because, at best, counsel would have uncovered information already before the court. *Id.* Respondent also argues that counsel's failure to investigate did not fall "outside

the wide range of competent assistance as compared to deviating from what the Court may consider to be a best practice" and was thus not deficient. *Id.* at 7.

In responding to the Magistrate Judge's recommendation regarding Scott's Eighth Amendment claim, respondent argues that there is a "meaningful distinction" between Webb and Scott. Docket 28 at 10-11. Respondent notes that Webb had five prior felony convictions at the time of sentencing, including four drug felonies, while Scott had nine prior felony convictions, all of which were drug felonies. *Id.* at 10.

The Supreme Court has explained that the Eighth Amendment prohibits "sentences that are disproportionate to the crime committed." *Solem v. Helm*, 463 U.S. 277, 284 (1983). This proportionality analysis "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. In considering this second factor, the Court looked at other crimes for which the same punishment was imposed as that for the crime in question, rather than other criminals who committed the same crime. *See id.* at 298-99.

The Eighth Circuit has noted that the Eighth Amendment is implicated by "the rare case . . . of gross disproportionality" in sentencing. *United States v. Jefferson*, 819 F. App'x 474, 475 (8th Cir. 2020) (per curiam) (quoting *United States v. Spires*, 628 F.3d 1049, 1054 (8th Cir. 2011)). The Magistrate Judge found that Eighth Circuit cases have "often noted distinguishing features

between one co-defendant and another in rejecting claims of intra-case proportionality, thereby suggesting such comparisons are not rejected categorically." Docket 23 at 30.

Although ultimately finding the defendant in question to be distinguishable from his co-defendants, the Eighth Circuit addressed this question in *United States v. Fry*. 792 F.3d 884, 892-93 (8th Cir. 2015). The *Fry* court noted that one instance of "relief based on a comparison of co-conspirators" required the "unusual circumstances" of "an 'extreme disparity' in sentencing between similarly situated conspirators, and a consolidated appeal involving both conspirators that permitted a remand for resentencing of both parties." *Id.* (quoting *United States v. Lazenby*, 439 F.3d 928, 934 (8th Cir. 2006)). "When a single defendant asserts on appeal that a similarly situated co-conspirator was sentenced differently, and both sentences are within the range of reasonableness, there is no principled basis for an appellate court to say which defendant received the 'appropriate' sentence." *Id.* at 893 (quoting *United States v. McDowell*, 676 F.3d 730, 733 (8th Cir. 2012)). While one sentencing factor is "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct[,]" 18 U.S.C. § 3553(a)(6), the Eighth Circuit noted that this directive "refers to *national* disparities, not differences among co-conspirators." *Fry*, 792 F.3d at 892.

Here, Scott fails to show "unusual circumstances" and an " 'extreme disparity' in sentencing between similarly situated conspirators" as required

under *Fry* because sufficient differences exist between Scott and Webb. *See id.* at 892 (quoting *Lazenby*, 439 F.3d at 934). First, although both co-defendants were in criminal history category VI, they had different criminal histories. *See Webb*, 4:18-CR-40151-1-KES, Docket 65 at 8-10; *Scott*, 4:18-CR-40151-2-KES, Docket 80 at 10-14. Scott had been convicted of five more felonies and four more drug felonies than Webb. *Webb*, 4:18-CR-40151-1-KES, Docket 65 at 8-10; *Scott*, 4:18-CR-40151-2-KES, Docket 80 at 10-14.

Second, the government approached each co-defendant's motion for a downward variance differently. In response to Webb's motion for a downward variance, counsel for the government opposed the motion but merely "ask[ed] for a sentence within the guidelines" without further elaboration or argument. *Webb*, 4:18-CR-40151-1-KES, Docket 76 at 15. In contrast, counsel for the government responded to Scott's motion by emphasizing his criminal history and his inability to follow the law after being placed on supervised release. *Scott*, 4:18-CR-40151-2-KES, Docket 97 at 11-12. Third, while this court did state that Webb was not on supervised release at the time of his sentence, it also focused on how close in time Scott's offense was to his release from custody. *Id.* at 13. Scott was indicted less than ten weeks after being released. *See Scott*, 4:18-CR-40151-2-KES, Docket 80 at 3, 12-13.

███████████████████████████████████

███████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████

While similarities exist between the two co-defendants, they are not sufficiently similar as to constitute the "unusual circumstances" contemplated by *Fry*. 792 F.3d at 892 (quoting *Lazenby*, 439 F.3d at 934). Thus, because Scott's sentence was not grossly disproportionate to that of Webb even though Webb was on parole at the time of his sentencing, Scott was not prejudiced by his counsel's failure to investigate Webb's parole status.[1] Respondent's objections to the report and recommendation as to claim 2(d) are sustained, and this claim is dismissed with prejudice.

**B.    Claim 5**

In claim 5, Scott alleges that his 262-month sentence violated his Eighth Amendment rights because Webb, a co-conspirator, was only sentenced to 210 months. *See* Docket 1 at 26. Respondent argues that this claim is procedurally defaulted because Scott did not appeal his sentence. Docket 21 at 15.

As discussed above, Scott must show cause for the default and prejudice to overcome procedural default on this claim. *Bousley*, 523 U.S. at 622; *McNeal*, 249 F.3d at 749. In her report and recommendation, the Magistrate Judge found that the ineffectiveness of Scott's counsel in failing to investigate

---

[1] Because Scott's counsel's performance was not deficient, this court will not address prejudice. *See Morelos v. United States,* 709 F.3d 1246, 1252 (8th Cir. 2013) (citation omitted) (stating that a movant raising an ineffective assistance claim must establish both prongs of the test outlined in *Strickland*).

and raise this issue may serve as cause to overcome procedural default and recommended an evidentiary hearing to determine counsel's investigatory efforts. Docket 23 at 37. Because this court has found that counsel was not ineffective in failing to raise this claim, counsel's ineffectiveness cannot serve as cause to overcome the default.

Further, in order to establish prejudice, a movant must show "that the error 'worked to his actual and substantial disadvantage' " *Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) (quoting *Frady*, 456 U.S. at 170 (emphasis omitted)). Scott cannot show that the error in question, his failure to raise his Eighth Amendment claim on appeal, has "worked to his *actual* and substantial disadvantage" because, as discussed above, his Eighth Amendment rights were not violated by his sentence. *See Frady*, 456 U.S. at 170. Thus, Scott cannot show cause and prejudice as required to overcome the procedural default, and claim 5 is dismissed with prejudice.

## IV.    Motion to Amend § 2255 Motion

Scott has filed a motion to amend his § 2255 motion and a motion to supplement his § 2255 motion.[2] Dockets 30, 31. He argues that his "prior conviction for conspiracy to distribute cocaine and cocaine base under [21 U.S.C.] § 846 could not support" his career offender sentencing enhancement because § 846 "criminalized a broader range of conduct than that covered by

---

[2] Scott also filed a "Corrected Supplemental Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255[.]" Docket 32. This document does not appear to expand on the content of his other two motions. *See id.* at 1-2. Thus, this motion (Docket 32) is denied as moot.

generic conspiracy." Docket 30 at 1. In support of this proposition, Scott cites *Norman v. United States*, 935 F.3d 232 (4th Cir. 2019), a Fourth Circuit Court of Appeals case that supports his position. *Id.* Scott asks this court to resentence him without the career offender sentencing enhancement. *Id.* In his motion to supplement, Scott also makes this argument based on *Norman.* Docket 31 at 1-2.

The Eighth Circuit has explained that if an amendment to a timely-filed § 2255 motion "does not relate back to [the initial motion], it is a "second or successive § 2255 motion that cannot be considered until [the Eighth Circuit] grants permission in accordance with the requirements under 28 U.S.C. § 2255(h)." *Nelson v. United States*, 909 F.3d 964, 981-82 (8th Cir. 2018). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." *Id.* at 982 (omission in original) (quoting Federal Rule of Civil Procedure 15(c)(1)(B)). "An amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims." *Id.* (quoting *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (cleaned up)).

In his initial § 2255 motion, Scott claimed that his counsel was ineffective for failing to challenge his career offender enhancement. Docket 1 at 9. This court construes Scott's motion as seeking to bolster this argument by citing *Norman* and to bring a new substantive claim that the career offender

enhancement was incorrectly applied. *See* Docket 30 at 1-2. Thus, this amendment relates back to his original pleading because it "aris[es] out of the same set of facts as the original claims" and is not a second or successive § 2255 motion. *Nelson*, 909 F.3d at 982 (quoting *Dodd*, 614 F.3d at 515). Because the amended pleading was filed more than 21 days after service of a responsive motion under Rule 12(b), Scott requires respondent's written consent or the court's leave to amend his § 2255 motion. *See* Fed. R. Civ. P. 15(a)(2).[3] The court is to "freely give leave [to amend] when justice so requires." *Id.* Thus, Scott's motion for leave to amend his pleading (Docket 30) is granted. Because it makes the same claim, Scott's motion to supplement (Docket 31) is denied as moot.

In *Norman*, the Fourth Circuit found that "§ 846 criminalizes a broader range of conduct than that covered by generic conspiracy, and [defendant]'s conviction under § 846 [could not] support the six-level enhancement he received." 935 F.3d at 238. Scott, through counsel, raised this issue in his objections to the presentence report, citing a different Fourth Circuit case for the same proposition. *Scott*, 4:18-CR-40151-2-KES, Docket 79 at 2 (citing *United States v. Whitley*, 737 F. App'x 147, 149 (4th Cir. 2018) (per curiam). Scott argued that the Eighth Circuit has acknowledged a circuit split on this issue but "has not addressed the issue in a case where it was preserved for de

---

[3] Under Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure may be applied to § 2255 motions "to the extent that they are not inconsistent with any statutory provisions or these rules[.]"

novo review." *Id.* (citing *United States v. Merritt*, 934 F.3d 809, 811-12 (8th Cir. 2019)).

Scott claims that his counsel was ineffective in failing to argue against the career offender sentencing enhancement. Docket 1 at 9. The Magistrate Judge considered this claim in her report and recommendation and found that counsel did raise this issue. Docket 23 at 33-34. Counsel made the exact argument Scott seeks to bring here in his objections to the presentence report and at Scott's sentencing hearing. *See Scott*, 4:18-CR-40151-2-KES, Docket 79 at 2 (citing *Whitley*, 737 F. App'x at 149); *Scott*, 4:18-CR-40151-2-KES, Docket 97 at 3. This court overruled Scott's objection at sentencing, finding that he pleaded guilty to a "conspiracy that deals with an attempt to distribute a controlled substance" rather than to "generic conspiracy[.]" *Scott*, 4:18-CR-40151-2-KES, Docket 97 at 4. Thus, counsel did not fail to raise this claim and was not deficient. Further, Scott cannot show prejudice because Fourth Circuit law does not bind the court, and counsel acknowledged that the Eighth Circuit has not adopted the Fourth Circuit's position. *See Scott*, 4:18-CR-40151-2-KES, Docket 79 at 2 (citing *Merritt*, 934 F.3d at 811-12). Scott's ineffective assistance of counsel claim in his amended § 2255 motion is dismissed with prejudice.

Although this court advised Scott after it imposed his sentence that he could appeal this issue to the Eighth Circuit, Scott did not appeal his sentencing enhancement. *See Scott*, 4:18-CR-40151-2-KES, Docket 97 at 4. Thus, Scott's substantive claim regarding the enhancement is procedurally

21

defaulted, and he must show either cause and prejudice or actual innocence to overcome the default. *See McNeal*, 249 F.3d at 749. Scott argues that his counsel's ineffectiveness is cause to overcome the default. *See* Docket 1 at 17. But Scott cannot show prejudice because the Eighth Circuit has not yet adopted the Fourth Circuit's position on this issue. *See Merritt*, 934 F.3d at 811-12.

Further, as explained in the response to Scott's objections to his presentence report, Scott pleaded guilty to both conspiracy to distribute a controlled substance under § 846 and to distribution of a controlled substance under 21 U.S.C. § 841(a)(1), and his career offender enhancement relied on a prior conviction under both of these statutes. *See Scott*, 4:18-CR-40151-2-KES, Docket 81 at 3. The response notes that Scott "admitted distributing a controlled substance in both cases, which is reflected in both Factual Basis Statements." *Id.*

Scott argues that his sentencing enhancement is "plain error" under *Norman* and thus preserved. Docket 30 at 2. Even construed as a claim of actual innocence, this does not overcome default because the actual innocence "exception requires proof that [the movant] was factually innocent of the crime, not merely that there was error in imposing a sentence enhancement." *Roundtree v. United States*, 885 F.3d 1095, 1098 n.3 (8th Cir. 2018). Thus, Scott's substantive claim is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

When a district court denies a movant's § 2255 motion, the movant must first obtain a certificate of appealability before an appeal of that denial may be entertained. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Scott has made a substantial showing that his claims are debatable among reasonable jurists and that another court could resolve the issues raised in his claims differently. Thus, a certificate of appealability is issued on the issues of whether an evidentiary hearing is necessary to determine if Scott's trial counsel was ineffective in failing to investigate Webb's parole status and, if so, whether counsel's ineffectiveness serves as cause to overcome the procedural default of Scott's claim that his sentence violated his Eighth Amendment rights.

**CONCLUSION**

Thus, it is ORDERED that:

1.      Scott's motion to amend his § 2255 motion (Docket 30) is granted.

2.      The report and recommendation (Docket 23) is adopted in part and

      rejected in part.

3.      Respondent's objections to the report and recommendation (Docket

      28) are sustained.

4.      Respondent's motion to dismiss (Docket 20) is granted. Scott's

      § 2255 motion (Docket 1) is dismissed in its entirety with prejudice

      and without an evidentiary hearing.

5.      A certificate of appealability is issued.

6.      Scott's motion to supplement his § 2255 motion (Docket 31) is

      denied as moot.

7.      Scott's corrected supplemental motion (Docket 32) is denied as

      moot.

Dated February 1, 2023.

                    BY THE COURT:

                    /s/ *Karen E. Schreier*
                    KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE